UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TETSUO OSAKI,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>THE SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, et al.,<br><br>　　　　　　　　Defendants. | Case No. 5:21-cv-00567-FMO-SHK<br><br>**ORDER DISMISSING COMPLAINT** |

## I.　BACKGROUND

The operative complaint in this matter is Plaintiff Richard Osaki's ("Plaintiff") Third Amended Complaint ("TAC") filed on March 1, 2023. Electronic Case Filing Number ("ECF No.") 27, TAC. On May 26, 2023, the Court issued a Report and Recommendation ("R&R") and a Notice of Filing Report and Recommendation ("R&R Notice"), ECF Nos. 30, 31, and mailed the documents to Plaintiff at Plaintiff's last known address of record. On June 9, 2023, the United States Postal service ("USPS") returned the R&R and R&R Notice to the Court ("Return Mail") with a notation stating, "Return to Sender/ Not in Custody." ECF Nos. 32, 33.

/ / /

On June 27, 2023, the Court issued an order ("Order") notifying Plaintiff that "[b]ased on the recent return[ed] mail, the Court suspects that Plaintiff failed to properly inform the Court of his updated address" in violation of Local Rule of Civil Procedure for the United States District Court for the Central District of California ("Local Rule" or "L.R.") 41-6.  ECF No. 34, Order.  Plaintiff was ordered to "notify the Court, in writing, on or before **July 11, 2023**, of his current address[]" and was warned that "**failing to update his current address by the foregoing deadline will result in a recommendation that this action be dismissed for failure to prosecute.**"  Id. at 1 (emphasis in original).

As of the date of this Order, Plaintiff has failed to update the Court with his current address as ordered or to otherwise participate in this action in any way.  Consequently, the Court has conducted an independent search of the San Bernardino County Sheriff's Department ("SBCSD") inmate locator website, which indicates that Plaintiff's "Booking [number is] Not Found or Inmate may not be in custody."  See https://wp.sbcounty.gov/sheriff/corrections/inmate-locator/ (last accessed July 12, 2023).

## II.   LEGAL STANDARDS

### A.   Duty to Update Address

Local Rule 41-6 requires a pro se party to keep the Court and opposing parties apprised of the party's current address, telephone number, and e-mail address, if any.  L.R. 41-6.  If mail directed by the Clerk of Court to a pro se plaintiff's address of record is returned undelivered by the USPS "and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute."  Id.

### B.   Dismissal for Failure to Prosecute and Follow Orders

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v.

1  Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v.
2  U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an
3  action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's
4  failure to prosecute or comply with the Federal Rules of Civil Procedure or the
5  court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering
6  dismissal for failure to comply with court orders).

7       In deciding whether to dismiss for failure to prosecute or comply with court
8  orders, a district court must consider five factors: "(1) the public's interest in
9  expeditious resolution of litigation; (2) the court's need to manage its docket; (3)
10 the risk of prejudice to the defendants; (4) the public policy favoring disposition of
11 cases on their merits; and (5) the availability of less drastic sanctions." Henderson
12 v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza,
13 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson).
14 "Dismissal is appropriate 'where at least four factors support dismissal, or where at
15 least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-
16 09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting
17 Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal
18 citations omitted) (citing Ferdik, 963 F.2d at 1263)). In a case involving sua
19 sponte dismissal, however, the fifth Henderson factor regarding the availability of
20 less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

21                    **III.   DISCUSSION**

22      Here, the case is subject to dismissal for the following two reasons. First,
23 based on the Returned Mail and the Court's independent check of the SBCSD
24 inmate locator website, which the Court takes judicial notice of, it appears that
25 Plaintiff is no longer incarcerated at his address of record and that Plaintiff has
26 failed to provide his current address to the Court in violation of Local Rule 41-6.
27 See United States v. Basher, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking
28 judicial notice of Bureau of Prisons inmate locator that is available to the public);

see also Pacheco v. Diaz, Case No. 1:19-cv-00774-SAB (PC), 2019 WL 5073594, at *2 (E.D. Cal. Sept. 4, 2019) (taking judicial notice of California Department of Corrections and Rehabilitation's inmate locator system); McCoy v. Le, No. 3:21-CV-1755-BAS-LL, 2021 WL 5449004, at *1 n.2 (S.D. Cal. Nov. 22, 2021) (same); Louis v. McCormick & Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) (finding that under Federal Rule of Evidence 201, the Court may take judicial notice of, in relevant part, state agency records).

      Consequently, the Court is unable to move this case toward disposition without Plaintiff's current contact information, as evidenced by Plaintiff's lack of participation in this matter.  Accordingly, because Plaintiff's address of record appears to have been invalid for longer than the fourteen-day grace period contemplated in Local Rule 41-6, and because the Court's inability to reach Plaintiff is hindering the Court's ability to resolve this case, the Court DISMISSES this case, without prejudice, pursuant to Local Rule 41-6, for the first reason that Plaintiff has failed to keep the Court apprised of his current address.

      Second, and relatedly, this case is subject to dismissal for Plaintiff's failure to prosecute and follow Court orders.  Specifically, the first two Henderson factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.  Despite ordering Plaintiff to update the Court with his current mailing address, Plaintiff has failed to do so or to indicate to the Court in any way that he intends to continue pursuing this action. This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently.

      The third factor—prejudice to Defendants—also weighs in favor of dismissal.  A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted).  Here, Plaintiff has not offered

any excuse for his failure to comply with the Court's Orders and respond in a timely manner and this "prejudice" element thus favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Despite the Court's attempt to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to provide his current address to the Court or otherwise cooperate in prosecuting this action. The Court is not aware of any lesser sanction that is available in this case. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has defied Court orders and failed to comply with the Local Rules, the Court DISMISSES this case, without prejudice, for this second reason.

/ / /

/ / /

/ / /

### III. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Judgment be entered **DISMISSING** this case without prejudice.

DATED: July 31, 2023

         /s/
HONORABLE FERNANDO M. OLGUIN
United States District Judge

Presented by:

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge